UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:19-cv-00062-GZS |
| GLOBAL ENERGY SERVICES, INC., et al., | ) ) ) | |
| Defendants | ) ) | |

### ORDER ON MOTION FOR ATTACHMENT AND ATTACHMENT ON TRUSTEE PROCESS

The matter is before the Court on Plaintiff's Motion for Attachment and Attachment on Trustee Process. (ECF No. 5.) Through the motion, Plaintiff asks the Court to approve an attachment and an attachment on trustee process in the amount of $991,275.50 against the property of Defendants Global Energy Services, Inc. (Global Energy), and Global Environmental Solutions, Inc. (Global Environmental).

Defendants did not respond to the motion for attachment, nor did Defendants respond to Plaintiff's complaint. Upon Plaintiff's request, the Court entered a default against Defendants on the complaint. (Order, ECF No. 9.)

Following a review of the record and after consideration of Plaintiff's argument, the Court grants Plaintiff's motion for attachment and attachment on trustee process.

### DISCUSSION

Pursuant to Federal Rule of Civil Procedure 64 and Local Rule 64, the Court applies Maine law when presented with a motion for attachment and attachment on trustee process.

To obtain an attachment or an attachment on trustee process, a plaintiff must demonstrate "that it is more likely than not that the plaintiff will recover judgment in an amount equal to or greater than the aggregate sum of the attachment and any insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process known or reasonably believed to be available to satisfy the judgment." M. R. Civ. P. 4A(c), 4B(c).  A motion for attachment or an attachment on trustee process must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true." M. R. Civ. P. 4A(i), 4B(c).

In this action, Plaintiff asserts that Defendants breached their obligations under the terms of certain equipment leases. (Plaintiff's complaint, ECF No. 1.)  Plaintiff's motion, which includes an affidavit of James Ferrini, a vice-president with Plaintiff, and several exhibits, establishes that Plaintiff is the lessor in seven separate leases of equipment to Global Energy.[1] (Affidavit of James Ferrini, ECF No. 5-1.)  Global Environmental guaranteed Global Energy's performance under the terms of the leases. (ECF No. 5-9.) The uncontroverted record also establishes that Global Energy defaulted on the leases and that despite notice of the default, Global Environmental failed to satisfy Global Energy's obligations under the leases. (Affidavit of James Ferrini ¶¶ 14 – 19.)

---

[1] Altec Capital Services, LLC, and Global Energy were the original parties to the leases.  Altec assigned its right, title and interest in the leases to Plaintiff. (ECF No. 5-10.)

In accordance with the terms of the leases, Plaintiff accelerated the payments under the leases. (Affidavit of James Ferrini ¶ 18.)  According to Plaintiff, the amount due under the leases, exclusive of interest and costs, is $ 991,275.50. (*Id*.)

Through its submission, Plaintiff has established that it is more likely than not to prevail on its claim that Global Energy failed to satisfy its obligations under the leases and on its claim that Global Environmental is in breach of its guaranty.  Plaintiff has also demonstrated that it is more likely than not to recover a judgment against Defendants in an amount equal to or greater than $991,275.50.  Plaintiff has further shown that due to Global Energy's possession and use of the leased property, the leased property is not readily available to Plaintiff to satisfy or secure any judgment, and that the value of the property is depreciating. (Affidavit of James Ferrini ¶ 21.)  Plaintiff, therefore, has established that it is entitled to an attachment and an attachment on trustee process against Defendants' property in the amount of $991,275.50.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's Motion for Attachment and Attachment on Trustee Process.  The Court approves an attachment and an attachment on trustee process against the property of Global Energy Services, Inc. and Global Environmental Solutions, Inc., jointly and severally, in the amount of $991,275.50.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

Dated this 9t$^h$ day of April, 2019.          /s/ John C. Nivison
                                              U.S. Magistrate Judge